USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: __9/21/2020__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TYRONE H. MASSEY,

                         Plaintiff,

      -against-

CITY OF NEW YORK; N.Y.C. DEPT. OF CORRECTIONS; ASST. DEP. WARDEN TINDAL,

                         Defendants.

20-CV-7617 (ALC)

ORDER OF SERVICE

---

ANDREW L. CARTER, JR., United States District Judge:

Plaintiff, currently detained at the Manhattan Detention Complex, brings this *pro se* action under 42 U.S.C. § 1983. He alleges that Defendants violated his rights on February 15, 2020, while he was detained at the North Infirmary Command (NIC) on Rikers Island. By order dated September 17, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).[1]

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

(2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

## DISCUSSION

**A.    New York City Department of Correction (DOC)**

Plaintiff's claims against DOC must be dismissed because as an agency of the City of New York, DOC is not an entity that can be sued in its own name. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency.").

**B.    Waive Service of Summons**

The Clerk of Court is directed to notify DOC and the New York City Law Department of this order. The Court requests that the City of New York, and Assistant Deputy Warden Tindal waive service of summons.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package. The Court dismisses Plaintiff's claims against DOC because it lacks the capacity to be sued.

The Clerk of Court is further directed to electronically notify DOC and the New York City Law Department of this order. The Court requests that Defendants City of New York, and Assistant Deputy Warden Tindal waive service of summons.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   September 21, 2020
        New York, New York

_____
ANDREW L. CARTER, JR.
United States District Judge

3